UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:15-CV-81325-ROSENBERG/HOPKINS

BANK OF AMERICA, N.A., successor by merger to BAC Home Loans Servicing LP, *f/k/a* Countrywide Home Loans Servicing,

    Plaintiff,

v.

GARY L. ZASKEY *a/k/a* GARY LYNN ZASKEY; LORI A. ZASKEY *a/k/a* LORI ANN ZASKEY; BRENDA LYNN ZASKEY; *et al.*,

    Defendants.
_____/

GARY L. ZASKEY & LORI A. ZASKEY,

    Counter-Plaintiffs/Third-Party Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Counter-Defendant,

GREEN TREE SERVICING, LLC; HARBOR LAND TITLE, L.C.; & OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

    Third-Party Defendants.
_____/

**ORDER GRANTING GREEN TREE
SERVICING, LLC'S MOTION FOR LEAVE TO AMEND NOTICE
OF REMOVAL AND DENYING THE ZASKEY PARTIES' MOTION TO REMAND**

This matter is before the Court on Third-Party Defendant Green Tree Servicing, LLC's Motion for Leave to Amend Notice of Removal [DE 28] and Counter-Plaintiffs' (the "Zaskeys") Motion to Remand [DE 15]. Both motions have been briefed.

The genesis of the motions before the Court is the following language in the Notice of Removal in this case:

> 7. Bank of America, N.A., does not oppose removal of this case to this Court.

DE 1 ¶ 7.

This Notice of Removal was filed by Green Tree. The Zaskeys argue this case must be remanded to state court for two reasons. First, Green Tree was not entitled to remove this case from state court because Green Tree should be characterized as a counter-defendant, not as a third-party defendant, and as a counter-defendant Green Tree needed consent from all other defendants to remove. Second, Green Tree's language in the Notice of Removal, quoted above, was insufficient to establish that all other defendants consented to the removal. The Court addresses each point in turn.

### The Proper Characterization of Green Tree's Status in this Case

Green Tree is styled in this case as a third-party defendant due to the procedural history of the case in state court. This case was initiated as a foreclosure action with Bank of America as a plaintiff and the Zaskeys as defendants. In that proceeding, the Zaskeys filed a motion for leave to amend to add a counterclaim against Bank of America and Green Tree. Green Tree acted as a loan servicer for Bank of America. Prior to the motion for leave to amend being granted, Bank of

2

America dismissed all of its claims against the Zaskeys.  After those claims were dismissed, the Zaskeys' motion for leave to amend was granted and a counterclaim was filed against Bank of America and Green Tree.  Thus, at the time a complaint was filed against Bank of America and Green Tree, there were no claims pending against the Zaskeys.

There is therefore a threshold question of how this Court should view Green Tree—as a third-party defendant or as a counter-defendant.  "Legal characterizations of a party's status as stated in a complaint are not controlling; rather the Court must look at the factual allegations . . . to determine a party's proper status."  *Karp v. Am. Law Enf't Network, LLC*, No. CA 11-0449, 2011 WL 6963254, at *4 (S.D. Ala. Nov. 18, 2011); *see also Chicago, Rock Island & Pac. R.R. v. Stude*, 346 U.S. 574, 580 (1954) ("For the purpose of removal, the federal law determines who is plaintiff and who is defendant.").  Federal Rule of Civil Procedure 14, which governs third-party practice, establishes that a "defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it *for all or part of the claim against it*."  (emphasis added).  Here, at the time the Zaskeys' complaint against Green Tree was filed, *there were no claims* against the Zaskeys.  The definition of a third-party defendant therefore does not apply to Green Tree and, as a result, this Court turns to the definition of a counter-defendant.

Under Federal Rule of Civil Procedure 13, a counterclaim is proper where the counter-defendants are directly liable to the counter-plaintiffs for injuries, where the counter-plaintiff is not seeking to hold the counter-defendants liable for damages counter-defendant may owe to the underlying plaintiff.  Fed. R. Civ. P. 13; *see Karp*, 2011 WL 6963254 at *5.  A counter-defendant may be a new party who is brought into the case for the first time via the counterclaim.  Fed. R. Civ. P. 13; *see Karp*, 2011 WL 6963254 at *5. This is precisely

3

what occurred in this case.  Green Tree was a newly-added party who could not be held liable for any of the claims against the Zaskeys (there were no pending claims); the Zaskeys sought to hold Green Tree liable for their own independent claims.  Thus, Green Tree is properly characterized as a newly-added counter-defendant for the purposes of the removal to this Court.

A newly-added counter-defendant is treated differently than a counter-defendant that initiated suit as plaintiff.  *H & R Block, Ltd. v. Housden*, 24 F. Supp. 2d 703, 706 (E.D. Tex. 1998).  For the purposes of a removal analysis, a counter-defendant that is an original plaintiff is a party that invoked the jurisdiction of the state court—a newly-added counter-defendant did not.  For this reason, *inter alia*, there is ample authority that a newly-added counter-defendant may remove an action to federal court under 28 U.S.C. § 1441(c), which is precisely what occurred in this case.  *Mace Sec. Int'l, Inc. v. Odierna*, No. 08-60778-CIV, 2008 WL 3851839, at *4 (S.D. Fla. Aug. 14, 2008) (stating that because a newly joined counter-defendant did not partake in the decision to bring the suit in state court, he should not be denied the opportunity to remove a case to federal court under appropriate circumstances); *N. Star Capital Acquisitions, LLC v. Krig*, No. 07-264J32-CIV, 2007 WL 3522425, at *1 (M.D. Fla. Nov. 15, 2007) (removal was found to be proper as removing counterclaim defendant was not one of the original state court plaintiffs and, therefore, removal did not violate the "well-pleaded complaint rule"); *Bank of N.Y. Mellon v. Reaves*, No. 15-311-CV, 2015 WL 5736395, at *4 (M.D. Ala. Sept. 30, 2015) (acknowledging that district courts in the Eleventh Circuit have followed *Board of Regents v. Walker* as persuasive authority); *Bd. of Regents v. Walker*, 142 F.3d 813 (5th Cir. 1998) (holding that a counterclaim

4

defendant may remove if the counterclaim was separate and independent of the original complaint).[1]

### The Propriety of Green Tree's Notice of Removal under 28 U.S.C. § 1441(c)

With Green Tree's status as a newly-added counter-defendant determined, the Court turns its attention back to the Notice of Removal. The Zaskeys argue that Green Tree's Notice of Removal was deficient under 28 U.S.C. § 1441(c) because removal under that subsection required the consent of Bank of America within thirty days of the date Green Tree was served in state court.[2] The Notice does not state that Bank of America consented, the Zaskeys argue, because it only states the following:

> 7. Bank of America, N.A., does not oppose removal of this case to this Court.

DE 1 ¶ 7. The Zaskeys therefore argue that non-opposition to removal is not equivalent to consent to removal.

In this circuit, a last-served defendant may file a notice of removal within thirty days of service. *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008). Although all defendants must agree to a removal under § 1441(c), which is known as the "unanimity rule" and which Green Tree invoked, in the situation where federal claims are filed against a subset of defendants, consent is only necessary from the defendants that face federal claims. 28 U.S.C. § 1441(c)(2). Here, the parties facing the Zaskeys' federal claims are limited to Bank of America

---

[1] Although *Walker* is not binding on this Court because it was decided in the Fifth Circuit, the *Walker* decision extended the doctrine relevant to this matter previously delineated in *Carl Heck Eng'rs, Inc. v. Lafourche Par. Police Jury*, 622 F.2d 133 (5th Cir. 1980), which *is* binding on this Court due the fact that it was decided during the period of time when this Court was within the Fifth Circuit. *Walker* is therefore persuasive authority. *See Odierna*, 2008 WL 3851839 at *4.
[2] The Zaskeys also advance an argument without legal basis that Green Tree was required to obtain the consent of *all* defendants—not just Bank of America—which the Court rejects pursuant to the law cited below.

and Green Tree. Thus, the propriety of Green Tree's removal therefore depends solely upon Bank of America's consent; the Court need not analyze the consent of any other parties in this case.

In support of their argument that Bank of America did not timely consent to removal, the Zaskeys cite to *Mitsui Lines Ltd. v. CSX Intermodal Inc.*, 564 F. Supp. 2d 1357 (S.D. Fla. 2008). In *Mitsui*, the defendants[3] were served on March 18, 2008. *Id.* at 1359. On April 9, 2008, one defendant removed to federal court. *Id.* In the notice of removal, the defendant stated that its co-defendants consented to removal. *Id.* At least one co-defendant did not, however, sign the removal or otherwise file anything in federal court indicating that it did, in fact, consent. *Id.* On May 2, 2008, the plaintiff in *Mitsui* filed a motion to remand, arguing that all of the co-defendants had not timely consented to the removal. *Id.* On May 7, 2008, after the motion to remand, the last co-defendant formally notified the district court that it consented to the removal. *Id.*

The *Mitsui* court concluded that the last co-defendant's consent came too late. *Id.* at 1361. The thirty-day deadline for a timely consent to removal had expired on April 17, 2008—several weeks before the last consent was formally registered.[4] *Id.* The only notable argument in favor of denying remand was the fact that the removing defendant had stated in the notice of removal that its co-defendants did consent to removal. *Id.*

The *Mitsui* court rejected this argument, noting:

> While the Court has no reason to doubt [defendant's] statement that it did in fact obtain consent from [its co-defendants], the fact remains that [all co-defendants] did not take binding action to manifest that consent in a timely manner until May 7, 2008, nearly three weeks after the thirty-day window expired. Though this may seem harsh, statutes that limit federal jurisdiction are always strictly-construed and

---

3 The relevant defendants appear to have been served on the same day. *See Mitsui*, 564 F. Supp. 2d at 1361.
4 The *Mitsui* court measured the thirty-day window from the time of service of the *first*-served defendant—not the last. *See Mitsui*, 564 F. Supp. 2d at 1361. This calculation was likely a result of the fact that the Eleventh Circuit case that clearly held that the time should run from the last-served defendant, *Bailey v. Janssen Pharm., Inc.*, was not decided until a few weeks after *Mitsui*. 536 F.3d 1202 (11th Cir. 2008).

> a procedural defect in removal—no matter how trivial or inadvertent—is grounds for remand.

*Id.* at 1362 (citing *Beard v. Lehman Bros. Holdings, Inc.*, 458 F. Supp. 2d 1314, 1318 (M.D. Ala. 2006)). In reaching this conclusion, the *Mitsui* court based its decision upon *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988), wherein the appellate court discussed the necessity of binding consent:

> [W]hile it may be true that consent to removal is all that is required under section 1446, *a defendant must do so itself.* This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise there would be nothing on the record to "bind" the allegedly consenting defendant.

In the instant case, the facts present an easier question than the one before the court in *Mitsui*. Green Tree was served on August 24, 2015. The time period for Green Tree to remove—and for all necessary co-defendants to manifest consent—ran on September 23, 2015. September 23, 2015 is the day Green Tree removed this action. Bank of America did not formally register its consent until over a month later on November 3, 2015.[5] Notwithstanding Bank of America's untimely consent in this case, the Court's analysis is not complete.

In a recent decision by the Eleventh Circuit, *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979 (2015), the appellate court considered an analogous situation. In *Stone*, a co-defendant did not join in the notice of removal. *Id.* at 981. The co-defendant did, however, join in opposition to a motion to remand. *Id.* The appellate court held that this was enough to satisfy removal requirements:

---

5 Bank of America did file a document on October 21, 2015 in which it could be inferred that it assumed its formal consent had already been registered with the court—via the Notice of Removal—however, as indicated above, Bank of America's consent was required by the date of removal, September 23, 2015.

7

> [L]ike the First Circuit in *Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 77 (1st Cir. 2009), "we nevertheless are not inclined to establish a wooden rule." A technical defect related to the unanimity requirement may be cured by opposing a motion to remand prior to the entry of summary judgment. *Id.* Although [the co-defendant] did not join the notice of removal, it did oppose remand, and therefore the district court did not err by refusing to remand for a technical defect related to the unanimity rule.

*Id.* Thus, the "harsh" result in *Mitsui* is no longer required, provided a co-defendant opposes remand prior to summary judgment.

Here, the Court agrees with Green Tree that the statement in its Notice of Removal that Bank of America "did not oppose" removal is, at a minimum, equivalent to the "technical defect" discussed in *Stone*. Like the co-defendant in *Stone*, Bank of America has opposed remand. Furthermore, Bank of America has not only registered its consent to removal, Bank of America has also affirmatively represented to this Court that it consented to removal prior to Green's Tree filing of the same. DE 25. In light of the foregoing and in light of the *Stone* decision, the Court concludes that Green Tree should be permitted to amend its Notice of Removal, that this Court has jurisdiction over this case, and that remand is unwarranted.

For all of the foregoing reasons, it is **ORDER AND ADJUDGED** that the Zaskey's Motion to Remand [DE 15] is **DENIED** and Green Tree's Motion for Leave to Amend [DE 28] is **GRANTED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of January, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record