UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:15-CV-81325-ROSENBERG/HOPKINS

BANK OF AMERICA, N.A., Successor by
Merger to BAC Home Loans Servicing, LP,
*f/k/a* Countrywide Home Loans Servicing,

    Plaintiff,

v.

GARY L. ZASKEY *a/k/a* GARY LYNN
ZASKEY; LORI A. ZASKEY *a/k/a* LORI
ANN ZASKEY; and BRENDA LYNN ZASKEY,

    Defendants.
_____/

GARY L. ZASKEY and LORI A. ZASKEY,

    Counter-Plaintiffs/Third-Party
    Plaintiffs,

v.

BANK OF AMERICA, N.A.,

    Counter-Defendant,

GREEN TREE SERVICING, LLC;
HARBOR LAND TITLE, L.C., and
OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY,

    Third-Party Defendants.
_____/

**ORDER DENYING COUNTER-DEFENDANTS' MOTION TO STRIKE
JURY DEMAND AND DENYING MOTION TO ENFORCE JURY WAIVER**

    This matter is before the Court on Counter-Defendant Bank of America's Motion to Enforce

Contractual Jury Trial Waiver [DE 211] and Counter-Defendant Green Tree Servicing's Motion to

Strike Plaintiff's Jury Trial Demand [DE 205].  Both motions have been fully briefed.  For the reasons set forth below both motions are denied.

This case is about a failed short sale of real property.  Counter-Plaintiffs (the "Zaskeys") left the short sale closing thinking their obligation to make mortgage payments had been extinguished.  Unknown to the Zaskeys, the mortgage holder did not receive, at the time of the short sale closing, any wired funds.  As a result, the Zaskeys continued to receive debt collection phone calls and a foreclosure suit was filed against them.  This suit followed.[1]

Both of the motions before the Court are premised upon a jury waiver clause in the mortgage executed by the Zaskeys.  The scope of that clause is quite broad and the clause reads as follows:

> The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or equity, arising out of or in any way related to this Security Instrument or the Note.

Counter-Defendants seek to use this clause to try the Zaskeys' claims to the bench.  The Zaskeys have brought the following types of claims: breach of contract, malicious prosecution, fraud, gross negligence, and claims brought under debt collection statutes.

In support of their argument, Counter-Defendants cite to cases such as *Newton v. Wells Fargo Bank, N.A.*, No. 13-CV-1017, 2013 WL 5854520 (M.D. Fla. Oct. 30, 2013).  *Newton* stands for the proposition that consumer debt collection statutes are encompassed within the scope of a jury waiver provision in a mortgage that applies to any claim arising out of or in way related to the mortgage or note.  *Id*. at *1 ("While the Court is not certain that the TCPA claims arise out of the Mortgage, it certainty seems they are in some way related to the Mortgage.").  If the instant case were (for lack of a better term) a run-of-the-mill case, this Court would be inclined to follow the reasoning of cases such as *Newton*, however, the instant case is unusual.

---

1 The foreclosure suit having been voluntarily dismissed, only the Zaskeys' claims remain before this Court.

The Zaskeys entered into a short sale agreement. That agreement did not contain a jury waiver cause. The Zaskeys argue their claims arise out of the short sale agreement. If the Zaskeys' allegations are ultimately proven to be true, the Zaskeys fully complied with their performance under the agreement and Counter-Defendant Bank of America did not. Had Bank of America complied, the Zaskeys' obligations under the mortgage and note would have been extinguished. Pursuant to the operative complaint, the Zaskeys bargained for this release, fully performed their duties, and left the short sale with the belief their mortgage obligations had ended. Again, assuming the Zaskeys' allegations are proven to be true, Counter-Defendants had no basis upon which to pursue debt collection or file foreclosure proceedings. This set of facts raises doubt in the Court's mind as to whether the Zaskeys' claims "are related in some way" to the underlying mortgage.

The Zaskeys cite to *Jones v. Bank of America, N.A.*, No. 12-CV-419, 2012 WL 3065381 (M.D. Fla. July 27, 2012). *Jones* contained a waiver resembling the waiver at bar and included claims similar to a subset of the instant claims. The court in *Jones* decided not to strike the jury demand because the defendant "ha[d] failed to present a cogent argument in favor of finding that the [suit was] subject to the jury trial waiver." *Id.* at *1. This case is not a case where the Zaskeys were obligated to make payments on a note, defaulted on that obligation, and filed suit on subsequent debt collection efforts. This is a case about a failed short sale. The short sale was intended to change the relationship of the parties. The Zaskeys bargained for release from their obligations and, pursuant to their allegations, Bank of America breached its own obligations by failing to release the Zaskeys from their mortgage. These allegations bring doubt into the Court's mind as to the applicability of the jury waiver clause in the underlying mortgage. As discussed by the district court in *Jones*, "[t]his Court has been instructed by the Supreme Court to 'scrutinize . . . with the utmost care' any curtailment of the Seventh Amendment right to a jury trial." *Id.* (quoting *Chauffeurs, Teamster & Helpers, Local*

3

*No. 931 v. Terry*, 494 U.S. 558, 565 (1990)).  The *Jones* court further noted that "[i]t is this Court's solemn duty to 'jealousy guard' the fundamental right to a jury trial and 'indulge every reasonable presumption against waiver.'" *Id.* (quoting *Jacob v. City of New York*, 315 U.S. 752, 752 (1942)); *see also Down v. Bank of America*, 8:12-CV-510 (M.D. Fla. July 23, 2012) (declining to enforce a jury trial waiver in the context of a consumer protection action when the jury trial waiver was contained in a mortgage).

Ultimately, the Court finds this to be a close question.  Counter-Defendants make a good argument, particularly with respect to the Zaskeys' malicious prosecution claim.  Counter-Defendants essentially argue that (i) since their actions were authorized by the mortgage and (ii) they acted because the Zaskeys failed to meet their obligations under the mortgage then (iii) how could the Zaskeys' claims not fall within the scope of the broad jury waiver clause in the mortgage itself?  The Zaskeys make a good argument as well—this is a case about a failed short sale.  The short sale agreement in this case does not contain a jury waiver clause.

Turning to governing law on the scope and applicability of a broad waiver, the Eleventh Circuit held in *Bahamas Sales Associates, LLC v. Byers*: "the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'related to' that agreement."  701 F.3d 1335, 1341 (11th Cir. 2012).  Instead, a claim relates to an agreement when "the dispute occurs as a fairly direct result of the performance of contractual duties."  *Id.* at 1340-41.  In *Bahamas Sales*, like the instant case, the scope of the clause was broad and utilized the phrase "related in any way."  *Id.* The clause in the instant case is arguably equivalent as it seeks to apply to any dispute "in any way related" to the mortgage.  The Eleventh Circuit noted that the phrase "related in any way . . . [if taken to] the furthest stretch of its indeterminacy, . . . would have no limiting purpose because really, universally, relations stop nowhere."  *Id.* at 1341.  The operative test is whether there is a direct

relationship.  *Id.*

Applying the Eleventh Circuit's holding in *Bahamas Sales* to the instant case, the question is did Bank of America engage in alleged malicious prosecution as a direct result of the Zaskeys' failure to perform under the mortgage, or did Bank of America engage in alleged malicious prosecution because of its own direct failure to perform under the short sale agreement.  Similarly, a question is posed as to whether Bank of America engaged in debt collection because the Zaskeys failed to make payment pursuant to the note and mortgage, or whether Bank of America attempted to collect as a direct result of its alleged failure to perform its duties under the short sale agreement.  The Court resolves these questions by concluding that the Zaskeys' claims are best traced to the short sale agreement, not to their underlying mortgage.  The Court reaches this conclusion because every reasonable presumption against waiver must be made to preserve the Zaskeys' right to a trial by jury, and the Court resolves its doubt in this matter by denying Counter-Defendants' request to enforce the jury-trial waiver clause.

It is therefore **ORDERED AND ADJUDGED** that Counter-Defendant Bank of America's Motion to Enforce Contractual Jury Trial Waiver [DE 211] and Counter-Defendant Green Tree Servicing's Motion to Strike Plaintiff's Jury Trial Demand [DE 205] are both **DENIED**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 12th day of August, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record