IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BANK OF AMERICA, N.A. Successor by
Merger to BAC HOME LOANS SERVICING
LP, f/k/a COUNTRYWIDE HOME LOANS
SERVICING

CASE NO:   9 : 15-cv-81325

    Plaintiff,

vs.

GARY L. ZASKEY a/k/a Gary Lynn Zaskey; LORI
A. ZASKEY a/k/a Lori Ann Zaskey;
BRENDA LYNN ZASKEY; UNKNOWN SPOUSE OF
BRENDA LYNN ZASKEY; et al.

    Defendants.
_____/

GARY L. ZASKEY and LORI A. ZASKEY

    Counter-Plaintiffs

vs.

BANK OF AMERICA, N.A.,

    Counter-Defendant,

GREEN TREE SERVICING, LLC, HARBOR LAND TITLE, L.C. and
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY

    Third-Party Defendants.
_____/

**ORDER GRANTING THIRD-PARTY DEFENDANT OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

    **THIS CAUSE** is before the Court on Third-Party Defendant OLD REPUBLIC NATIONAL

TITLE INSURANCE COMPANY's ("OLD REPUBLIC") Motion for Summary Judgment [DE

172], filed herein on June 27, 2016.  The Court has considered the Motion, the Response [DE 219] filed by GARY AND LORI ZASKEY ("ZASKEYS"), OLD REPUBLIC's Reply [DE 232] to the ZASKEYS' Response and is otherwise fully advised in the premises.

Accordingly, it is ORDERED AND ADJUDGED as follows:

### **THE ZASKEYS' CLAIM AGAINST OLD REPUBLIC**

1.  In their Fourth Counterclaim [DE 142] against OLD REPUBLIC, the ZASKEYS sought relief in one count, sounding in negligence.  In summary, the ZASKEYS alleged that they participated, as sellers, in a short sale of a second home located in Palm Beach County, Florida in April 2012, in which Third Party Defendant HARBOR LAND TITLE, L.C. ("HARBOR TITLE") acted as the closing agent.  OLD REPUBLIC had no involvement in the closing process. At the conclusion of the short sale, HARBOR TITLE was to have wired $26,788.44 in net proceeds (the "short sale proceeds") to Bank of America, but, it is alleged, that did not happen.  Despite the closing agent failing to see to the timely delivery of the short sale proceeds, the transaction resulted in a Warranty Deed to the property being delivered to the buyers and recorded, and a title insurance policy, issued by HARBOR TITLE on behalf of OLD REPUBLIC, being delivered to the buyers as well.

2.  By August 2013, HARBOR TITLE had still not seen to the delivery of the short sale proceeds to Bank of America, or to its successor servicer, Green Tree Servicing, LLC ("Green Tree").  Thus, OLD REPUBLIC, which had a contractual obligation under the title insurance policy issued to the short sale buyers to clear the Bank of America mortgage from the chain of title, accepted delivery of the short sale proceeds, which was accomplished by wire transfer on November 26, 2013.  After that transfer, OLD REPUBLIC entered into direct communication with Green Tree in an effort to convince Green Tree to release the Bank of America mortgage in exchange for the short sale proceeds.  Initially, however, Green Tree insisted that it had no record of

a short sale having taken place, and insisted on a full payoff, in an amount in excess of $135,000.00, before releasing the subject mortgage of record. In December 2013, OLD REPUBLIC retained attorney David Brodt to oversee the efforts to resolve the matter, and in August 2014, Green Tree agreed to record a satisfaction in exchange for the settlement proceeds. The satisfaction was recorded by Green Tree in October 2014.

3.      On these facts, the ZASKEYS sued OLD REPUBLIC for negligence, asserting that OLD REPUBLIC "wrongfully retained" the short sale proceeds after it "unreasonably held" the short sale proceeds while engaging in discussions with Green Tree regarding how to resolve the matter, and failed to "properly advise" the ZASKEYS, with whom OLD REPUBLIC had no relationship whatsoever, that it had come into possession of the short sale proceeds.

## LEGAL STANDARD

4.      Federal Rule of Civil Procedure 56 authorizes the Court to enter a summary judgment "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id., at p. 1260.* A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.; Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

## LEGAL ANALYSIS

5.      In Florida, to prevail on a negligence claim, a plaintiff must plead and prove four elements: duty of care, breach of that duty, causation and damages. *See, e.g., RJ Reynolds Tobacco*

*Co. v. Brown,* 70 So. 3d 707, 717 (Fla. Dist. Ct. App. 2011). Here, no "duty of care" on OLD REPUBLIC's part is alleged at all by the ZASKEYS. Instead, they generally assert that "OLD REPUBLIC assumed a duty to act carefully and to not put others at an undue risk or harm", and that OLD REPUBLIC "…created a foreseeable zone of risk to the ZASKEYS that gave rise to a duty of care to the affected parties to this transaction, and failed to exercise reasonable care and skill as recipient of the short sale proceeds from HARBOR TITLE". The ZASKEYS do not allege ultimate facts to suggest how this "duty" was breached, other than that holding the short sale proceeds for nine months was unreasonable, and that the failure to notify the various parties of this retention was likewise negligent. Nor is there any allegation which expresses how this "unreasonable" holding of funds caused the ZASKEYS to suffer "substantial damages", or what those damages might possibly be.

      6.      The case of *Krehling v. Baron*, 900 F. Supp. 1578 (M.D. Fla. 1995) is instructive. In that case, the plaintiff sued a developer and his attorney for convincing him to loan money to the developer without recording a mortgage on the development to protect his interest. As the developer sold lots, through his closing agent attorney, the attorney issued clean title policies, issued by two title insurance companies, to the buyers, but remitted no funds to the plaintiff, who then sued. As in this case, the title insurance companies were sued on a negligence theory. The title companies moved to dismiss the claims against it. Judge Kovachevich granted the motion to dismiss. In doing so, she held that the title underwriters owed no duty of care to the plaintiff with respect to the conduct of the closing agent, noting that "[t]here is no common law duty to prevent the misconduct of third persons." *Krehling, at p. 1582* (citations omitted). The court there also noted that there was no relationship between the plaintiff lender and the title underwriters, "who are title insurance companies issuing title insurance commitments to third party purchasers" and that the title underwriters "…had a duty only to their insureds. Plaintiff's negligence claim against these

4

Defendants must fail, on the basis of the absence of a duty to the Plaintiff." *Id.*

7. The same circumstances present themselves in this case. The title insurance company, OLD REPUBLIC, issued a title commitment, and later a title policy, through the settlement agent, to the non-party short sale purchaser of the ZASKEYS' property. It was not otherwise involved in this transaction. Thus, it owed no duty to the ZASKEYS here. While, as alleged in the Fourth Counterclaim, it received, eighteen months after the subject closing, the short sale proceeds from the title agent, there is nothing in the law to suggest that it owed any duty to the ZASKEYS relative to those funds. They were not the ZASKEYS' funds. They were paid by the purchaser to pay off a mortgage, so if anything, the mortgagee. But, most importantly to OLD REPUBLIC, which owed a duty "only to its insured", the continued record existence of the mortgage in question clouded the title of the *purchaser*, and OLD REPUBLIC undeniably owed the *purchaser* a duty to remove the mortgage from the chain of title, which it ultimately did, as acknowledged by the ZASKEYS. With no cognizable duty owed to the ZASKEYS by OLD REPUBLIC, there can be no negligence claim, and therefore summary judgment in OLD REPUBLIC's favor is appropriate.

8. The ZASKEYS argue that by accepting the short sale proceeds, and becoming aware of HARBOR TITLE's failure to disburse same in two annual, regularly conducted audits undertaken by OLD REPUBLIC of HARBOR TITLE's closing files, OLD REPUBLIC created a "foreseeable zone of risk" that the ZASKEYS would suffer damages if OLD REPUBLIC failed to immediately notify the ZASKEYS that it had come into possession of the short sale proceeds, and if OLD REPUBLIC failed to immediately transfer the short sale proceeds to, at that point, Green Tree. The ZASKEYS' legal argument starts with the decision in *McCain v. Florida Power Corp.,* 593 So. 2d 500 (Fla. 1992), in which the Florida Supreme Court definitively established the connection between creating a "foreseeable zone of risk" and the establishment of a legal duty to third parties in

a negligence context. That case involved the liability of a power company to a person severely injured when his mechanical trencher came into contact with the power company's underground cable. In reversing a district court of appeals opinion ordering a directed verdict in favor of the power company, the Supreme Court explained how the notion of "foreseeability" applies to both the determination of the existence of a duty (a question of law), and the determination of proximate causation (a question of fact). "The duty element of negligence focuses on whether the defendant's conduct foreseeably created a broader 'zone of risk' that poses a general threat to others." *McCain, at p. 502* (citations omitted). Citing *Kaisner v. Kolb*, 543 So. 2d 732, 735 (Fla. 1989), the *McCain* court stated that "[w]here a defendant's conduct creates a *foreseeable zone of risk*, the law generally will recognize a duty placed upon a defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." *McCain, at p. 503* (emphasis in original).

9. Although the ZASKEYS ask this Court to broadly construe, if not expand, the "foreseeable zone of risk" standard for establishing a duty owed to third persons, cases after *McCain* suggest that a more narrow application of that standard is preferred. For example, in *Sharp v. Leichus*, 2006 Fla. App. LEXIS 22736 (Fla. Dist. Ct. App. 2006), the court rejected an attempt by a person harmed by the ingestion of a generic drug to hold manufacturers of the non-generic equivalent liable for her injuries, by claiming that those drug manufacturers misrepresented the benefits and effects of their version of the medication. In considering *McCain,* the Second District emphasized that *McCain* "addresses the duty that is owed when a company can foresee dangers arising from *its own acts*...it has nothing to do with imposing a duty on a person or entity for injuries caused by *another* company's property or products." *Sharp, at p. \*14-15* (emphasis in original). Further, the court ruled that although foreseeability is relevant to the existence of a legal duty, a legal duty is not established by evidence of foreseeability alone; rather, there must also be

6

evidence showing that the defendant's conduct *created or controlled the risk. Id., at p. *15.*

      10.     In this regard, the *Sharp* court cited with approval the decision of Florida's First District Court of Appeals in *Hernandez v. Tallahassee Medical Center, Inc.*, 896 So. 2d 839 (Fla. Dist. Ct. App. 2005). In *Hernandez,* the court summarized the holding in *McCain* with respect to the "foreseeable zone of risk" analysis as follows: "…a foreseeable zone of risk means conduct that foreseeably created a broader zone of risk that poses a general threat of harm to others, rather than the extent to which such conduct may foreseeably cause the *specific* injury that actually occurred." *Hernandez, at p. 841* (emphasis in original). Furthermore, as indicated in the *Restatement (Second) of Torts, §314 (1965)*, the fact that a defendant may realize that some action may be necessary for the protection of a third person does not by itself impose a duty upon the defendant to take such action. Rather, the duty to act applies *only* where the peril in which the defendant knows the other is placed is due to an active force under his or her own control. *Hernandez, at p. 842. See also Demelus v. King Motor Co.*, 24 So. 3d 759, 761 (Fla. Dist. Ct. App. 2009) (Even if risk is foreseeable, duty is not limitless; rather, the defendant's conduct must create or control the risk before liability may be imposed).

      11.     In *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329 (11th Cir. 2012), the 11th Circuit thoroughly analyzed the *McCain* "foreseeable zone of risk" holding, in the context of a plaintiff seeking economic damages unrelated to personal injury or property damage, as in this case. The court noted that a legal duty under this standard is more likely to be found "where the plaintiff has suffered personal or property damage." *Id., at p. 1340.* In fact, the court held, where the plaintiff seeks only the recovery of economic damages, "…the duty element of negligence law *serves as an important barrier to over-extension of liability*." *Id.* (emphasis added) Citing other Florida opinions on the subject, the 11th Circuit focused on the relationship between the plaintiff and the defendant, and whether or not "the specific relationship between the plaintiff and defendant

7

warrants imposing a duty on the defendant to protect the plaintiff's purely economic interests." *Id.*[1] *See also Luccarelli Pizza & Deli v. Posen Construction, Inc.,* 173 So. 3d 1092, 1094-95 (Fla. Dist. Ct. App. 2015) (expansion of negligence liability to cases which do not involve personal injury or property damage justified only where warranted by specific circumstances; *Curd* and *Tiara Condominium*[2] should be narrowly construed in cases involving purely economic losses); *Fla. Power & Light v. Macias*, 507 So. 2d 1113, 1115 (Fla. Dist. Ct. App. 1987) ("It is incumbent upon courts to place limits on foreseeability, lest all remote possibilities be interpreted as foreseeable in the legal sense.").

12. Applying the foregoing law to the undisputed facts of this case, there is no basis for finding the existence of a legal duty owed by OLD REPUBLIC to the ZASKEYS. It is apparent that nothing done by OLD REPUBLIC could have prevented the harm allegedly suffered by the ZASKEYS. There is no record support for the suggestion made by the ZASKEYS that OLD REPUBLIC "controlled" HARBOR TITLE in any material way. The record evidence suggests that OLD REPUBLIC's only "power" under its Agency Agreement with HARBOR TITLE was the threat of termination of that Agreement in the event of HARBOR TITLE's breach of same. Finally, OLD REPUBLIC had no control over Green Tree's decision-making process regarding the acceptance of the short sale proceeds in exchange for a release of the Bank of America mortgage.

13. Furthermore, even if a legal duty existed, there is no ultimate liability due to the absence of any causal link between the alleged "failure to communicate" and the failure to "immediately" make the unpaid mortgage disappear, and any possible damages suffered by the

---

[1] Here, the court discussed the Florida Supreme Court's opinion in *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216 (Fla. 2010), considered previously by this Court in the context of Old Republic's Motion to Dismiss [DE 70]. There, the issue was a polluter of public waters adversely impacting the livelihood of commercial fishermen in the area. The Supreme Court concluded that even though the fishermen did not own the water or the fish, they had a "special interest" in the marine life damaged by the polluter. Since the Plaintiff in *Virgilio,* like the ZASKEYS in this case, did not allege that any real or personal property was injured or damaged, *Curd* was deemed inapplicable in determining the existence of a duty in that case.

[2] *Tiara Condominium Ass'n v. Marsh & McLennan Cos.,* 110 So. 3d 399 (Fla. 2013).

ZASKEYS. *Hensley v. United States,* 728 F. Supp. 716, 722 (S.D. Fla. 1989).[3]  To establish proximate cause in Florida, a court must find both a cause in fact (that the injury would not have occurred "but for" the negligent act) and that the injury was a reasonably foreseeable result of the act. *Zinn v. United States*, 835 F. Supp. 2d 1280, 1317 (S.D. Fla. 2011) (citations omitted).  To find that the plaintiff's injury was a foreseeable result of the defendant's negligent act, a court must determine if the act "directly and in natural and continuous sequence produces, or contributes substantially to producing such damage..." *Id.* (citation omitted).  The test for foreseeability turns on "whether the harm that occurred was within the scope of the danger attributable to the defendant's negligent conduct." *Id.* (citation omitted).

14.     The Fourth Counterclaim fails to describe what the ZASKEYS' damages brought about by OLD REPUBLIC's alleged negligence were and how these damages would not have occurred "but for" the "failure to communicate" or OLD REPUBLIC's alleged failure to instantaneously determine what the short sale proceeds were, determine who was entitled to the subject funds, and otherwise resolve the issue presented by the delivery of the funds. There is no factual or legal basis to suggest that any of OLD REPUBLIC's actions during that time frame caused the ZASKEYS to incur damages any more or less than they would have otherwise incurred had OLD REPUBLIC never obtained the short sale proceeds in the first place. Without causation, there is no negligence claim.[4]  Thus, OLD REPUBLIC is entitled to summary judgment on this claim.

---

[3] The Fourth Counterclaim discussed Bank of America's "harassment" of the ZASKEYS from July through December 2012 (¶¶27-28), prior to OLD REPUBLIC's involvement in this matter.  It also referenced Bank of America and Green Tree's continued "unlawful debt collection efforts" between January 2013 and October 2013 (¶¶29 a-l), all prior to OLD REPUBLIC's receipt of the short sale proceeds.  Paragraphs 29 m-o discuss Green Tree's collection efforts between February and May 2014, a period during which OLD REPUBLIC's counsel was actively engaged in trying to get Green Tree to accept the short sale proceeds and satisfy the subject mortgage.  The remainder of the allegations in this paragraph relate to a period after OLD REPUBLIC had forwarded the short sale proceeds to Green Tree.
[4] Generally, the issue of proximate cause is one best left to the trier of fact, unless reasonable persons could not differ on, in this case, the absence of probable cause. *Welfare v. Seaboard Coast Line RR*, 373 So. 2d 886, 888-89 (Fla. 1979).  Here, the absence of any proximate cause between OLD REPUBLIC's actions and the ZASKEYS' claimed damages is abundantly clear.

15. For all of the foregoing reasons, the Court concludes that there are no remaining issues of material fact left to be tried with respect to the ZASKEYS' claim against OLD REPUBLIC, and that OLD REPUBLIC is therefore entitled to a summary judgment in its favor as a matter of law. Therefore, the Court grants OLD REPUBLIC's Motion for Summary Judgment, and the ZASKEYS' claims against OLD REPUBLIC are hereby dismissed, with prejudice. A separate Final Judgment will be entered by the Court as required by F.R.C.P. 58. OLD REPUBLIC may seek recovery of its taxable costs in accordance with F.R.C.P. 54 and Local Rule 7.3.

DONE AND ORDERED in Chambers in Fort Pierce, Florida this 13th day of September, 2016.

_____
ROBIN L. ROSENBERG
United States District Judge

Conformed copies to:

James S. Telepman, Esq., Cohen, Norris, Wolmer, Ray, Telepman & Cohen, Attorneys for Old Republic National Title Insurance Company, 712 U.S. Highway One, Suite 400, North Palm Beach, FL 33408; jst@fcohenlaw.com

Daryl L. Jones, Esq. and Faequa A. Khan, Esq., Law Offices of Daryl L. Jones, P.A., Attorneys for the Zaskeys, 14707 South Dixie Highway, Suite 101, Miami, FL 33176, djones@DLJonesLaw.com and fkhan@DLJonesLaw.com

John W. Bustard, Esq., Shutts & Bowen, LLP, Attorneys for Green Tree Servicing, LLC, 200 East Broward Boulevard, Ste 2100, Ft. Lauderdale, FL 33301, jbustard@shutts.com

Berit Griffin, Esq., Liebler, Gonzalez & Portuondo, Attorneys for Bank of America, N.A., Courthouse Tower, 25th Floor, 44 West Flagler Street, Miami, FL 33130, BG@lgplaw.com